**Primo B. PANTALEON, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 02–70517.
INS No. A70 503 049.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Primo Pantaleon, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal of the immigration judge's denial of his requests for asylum and withholding of deportation. We deny the petition.

Pantaleon's contention that the BIA's decision violates due process is unpersuasive. Pantaleon has not sufficiently alleged that he did not receive a "full and fair hearing."[1] *See Larita–Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir.2000); *Castillo v. I.N.S.*, 951 F.2d 1117, 1120–21 (9th Cir.1991). Further, *Campos–Sanchez*, 164 F.3d 448 (9th Cir.1999), on which Pantaleon relies, is limited to situations where "the BIA decides a case based on an independent, adverse credibility determination, *contrary to that reached by the IJ.*" *See Pal v. I.N.S.*, 204 F.3d 935, 939 (9th Cir.2000) (*quoting Campos–Sanchez*, 164 F.3d at 450) (emphasis in original). Here, the BIA and the IJ simply denied Pantaleon's petition based on different elements of the same asylum claim, which Pantaleon consistently had the burden of proving. *See Cordon–Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir.2000). That is not a denial of due process.

Pantaleon's own testimony supports the BIA's finding that he is ineligible for asylum because the threats he received were not on account of his political opinion. Instead, the Nationalista party recruited him

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** More specifically, Pantaleon has failed to allege that the INS violated a statute or regulation and that this violation prejudiced him. *See Barraza Rivera v. I.N.S.*, 913 F.2d 1443, 1447 (9th Cir.1990).

because they wanted to take advantage of his personal popularity, regardless of what he believed politically. *See I.N.S. v. Elias–Zacharias,* 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992); *Sangha v. I.N.S.,* 103 F.3d 1482, 1490–91 (9th Cir. 1997). Accordingly, Pantaleon has failed to show that he has a well-founded fear of future persecution on account of his political opinion.[2] *See id.; Singh v. Ilchert,* 69 F.3d 375, 378 (9th Cir.1995).

DENIED.

---

**2.** In his opening brief, Pantaleon explicitly waived his prior claim of past persecution and, therefore, we will not consider it. *See Brookfield Communications, Inc. v. W. Coast Entertainment Corp.,* 174 F.3d 1036, 1046 n. 7 (9th Cir.1999).

